**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EARNEST EDWARDS,

    Petitioner,

v.                                        Case No. 05-CV-71105-DT

GERALD HOFBAUER,

    Respondent.

_____/

**OPINION AND ORDER RETURNING IMPROPERLY SUBMITTED DOCUMENTS**

The court is in receipt of several pages of handwritten documents from *pro se* Plaintiff Ernest Edwards. For the reasons set forth below, the documents will be returned to Petitioner.

**I. BACKGROUND**

Petitioner Ernest Edwards is a state inmate incarcerated at the Marquette Branch Correctional Facility in Marquette, Michigan. The documents in question appear to reference this court's April 12, 2005 Order, which dismissed his *pro se* petition for a writ of habeas corpus because Petitioner failed to comply with an order that required him to seek leave of court in order to file *in forma pauperis*. (04/12/05 Order at 1.) Petitioner's current submissions appear to be a response to the court's previous summary dismissal.

**II. STANDARD AND DISCUSSION**

Federal Rule of Civil Procedure 5 mandates that, unless otherwise provided, every pleading, motion, notice, appearance, demand, offer of judgement, or similar paper must be served on each of the parties. Fed. R. Civ. P. 5(a). Further, the local

rules provide that all papers be filed with the clerk and must include an original and one copy. See E.D. Mich. LR 5.1. The documents submitted by Petitioner, however, were sent directly to chambers. A copy was not filed with the clerk, nor is there any indication that copies were served on Respondent. Thus, the court finds that these documents were not properly filed in accordance with the federal or local rules. Instead, the documents constitute an attempt at improper *ex parte* communications and the court will therefore order that they be returned to Petitioner. *See United States v. Stiger*, 42 Fed. Appx. 774, 775 (6th Cir. 2002) (affirming the district court's order which returned unopened *ex parte* correspondence)*.*

Moreover, the court notes that, even if these documents had been properly filed with the clerk and served on Respondent, the court would nonetheless order that the documents be stricken as illegible. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to meet these standards if it is "so poorly composed as to be functionally illegible." *Shuster v. Oppleman*, 1999 WL 9845, 3 (S.D.N.Y. 1999). When a complaint is illegible a court may grant leave to amend the complaint. *See, e.g., Mercer v. Acting Comm'r of Dep't. of Corr.*, 992 F. Supp. 519 (N.D.N.Y. 1997) (adopting magistrate judge recommendation and ordering plaintiff inmate to submit an amended complaint that was clearly printed or typed and doubled spaced within 30 days); *Weiland v. Ill. Dep't. of Pub. Aid,* 1990 WL 165615 (N.D. Ill. 1990) (dismissing illegible complaint without prejudice and granting leave to amend and refile within 30 days)

Because the handwritten documents are illegible they do not contain a "short and

2

plain statement" of Petitioner's claims, nor is the court able to identify any relief sought. Further, the documents do not comply with the local rules, which require, among other things, that all filed papers be double-spaced and "plainly typewritten, printed, or prepared by a clearly legible duplication process." E.D. Mich. LR 5.1(a). Although the court understands that Petitioner may have limited access to a typewriter or computer while incarcerated, the court cannot evaluate or analyze Petitioner's submissions if they are illegible.

### III.  CONCLUSION

IT IS ORDERED that the handwritten documents received by the court on August 8, 2005 shall be RETURNED to Petitioner.

IT IS FURTHER ORDERED that Petitioner submit any future filings either typewritten or in legible handwriting and to file such documents in accordance with the federal and local rules.

       S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 15, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 15, 2005, by electronic and/or ordinary mail.

       S/Lisa G. Teets
      Case Manager and Deputy Clerk
      (313) 234-5522