UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARNEST EDWARDS,

    Petitioner,

v.                          Case No. 05-CV-71105-DT

GERALD HOFBAUER,

    Respondent.
                                   /

**OPINION AND ORDER RETURNING IMPROPERLY SUBMITTED DOCUMENTS**

The court is in receipt of several pages of handwritten documents from *pro se* Plaintiff Ernest Edwards. For the reasons set forth below, the documents will be returned to Petitioner.

### I.  BACKGROUND

Petitioner Ernest Edwards is a state inmate incarcerated at the Marquette Branch Correctional Facility in Marquette, Michigan. On April 12, 2005, the court issued an order which dismissed Petitioner's *pro se* petition for a writ of habeas corpus because he failed to comply with an order that required him to seek leave of court in order to file *in forma pauperis*. (04/12/05 Order at 1.) Since that time, Petitioner has submitted multiple documents to the court, all of them handwritten and illegible. (*See* 5/25/2005 Order; 8/02/2005 Order; 8/15/2005 Order.) Each time, the court has ordered the documents stricken or returned to Petitioner as improper, and each time the court has instructed Petitioner that his future filings should be legible. (*See* 5/25/2005 Order; 8/02/2005 Order; 8/15/2005 Order.)

Nonetheless, Petitioner continues to submit documents which the court simply

cannot decipher.  The latest documents were received by the court on August 29, 2005.  As with the previous documents, the August 29 submissions are handwritten, indecipherable, and appeared to have not been served on Respondent.  The court will, once again, return them to Petitioner.

## II.  STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 5 mandates that, unless otherwise provided, every pleading, motion, notice, appearance, demand, offer of judgement, or similar paper must be served on each of the parties.  Fed. R. Civ. P. 5(a).  The documents submitted by Petitioner, however, do not contain any indication that copies were served on Respondent.  Thus, the court finds that these documents were not properly filed in accordance with the federal or local rules.  Instead, the documents constitute an attempt at improper *ex parte* communications and the court will therefore order that they be returned to Petitioner.  *See United States v. Stiger*, 42 Fed. Appx. 774, 775 (6th Cir. 2002) (affirming the district court's order which returned unopened *ex parte* correspondence)*.*

Moreover, the court notes that, even if these documents had been properly served on Respondent, the court would nonetheless order that the documents be stricken as illegible.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint fails to meet these standards if it is "so poorly composed as to be functionally illegible."  *Shuster v. Oppleman*, 1999 WL 9845, at *3 (S.D.N.Y. 1999).  When a complaint is illegible a court may grant leave to amend the complaint.  *See, e.g., Mercer v. Acting Comm'r of Dep't. of Corr.*, 992 F.

Supp. 519 (N.D.N.Y. 1997) (adopting magistrate judge recommendation and ordering plaintiff inmate to submit an amended complaint that was clearly printed or typed and doubled spaced within 30 days); *Weiland v. Ill. Dep't. of Pub. Aid,* 1990 WL 165615 (N.D. Ill. 1990) (dismissing illegible complaint without prejudice and granting leave to amend and refile within 30 days)

Because the handwritten documents are illegible they do not contain a "short and plain statement" of Petitioner's claims, nor is the court able to identify any relief sought. Further, the documents do not comply with the local rules, which require, among other things, that all filed papers be double-spaced and "plainly typewritten, printed, or prepared by a clearly legible duplication process." E.D. Mich. LR 5.1(a).  Although the court understands that Petitioner may have limited access to a typewriter or computer while incarcerated, the court cannot evaluate or analyze Petitioner's submissions if they are illegible.

### III.  CONCLUSION

IT IS ORDERED that the handwritten documents received by the court on August 29, 2005 shall be RETURNED to Petitioner.

IT IS FURTHER ORDERED that Petitioner submit any future filings either typewritten or in legible handwriting and to file such documents in accordance with the federal and local rules.

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 2, 2005

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 2, 2005, by electronic and/or ordinary mail.

                                            S/Lisa G. Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522